IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WALTER JAMAR AVERY, #184038,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:17-CV-556-WKW |
| ) | |
| OFFICER SIMS, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Walter Jamar Avery ("Avery"), a frequent federal litigant currently incarcerated at the Ventress Correctional Facility, on August 16, 2017.[1]  In the instant complaint, Avery challenges actions taken against him at the Lee County Detention Center in June and July of 2017. Specifically, Avery alleges that after his arrest and transport to the Lee County Detention Center on June 2, 2017, during which time he was intoxicated, an officer at the jail attempted to carry him by the neck but "dropped [him] to the floor and dragged [him] by the back of [his] shirt" to a general population cell.  Doc. No. 1 at 3.  Avery complains these actions caused him to suffer a broken tooth.  *Id*.  Avery further asserts that the jail's medical personnel placed him on blood pressure medication on July 1, 2017 but did not determine the correct dosage of this medication until July 13, 2017.  *Id*. at 3-4.

---

[1] The court "received" the complaint on August 17, 2017.  Avery, however, executed the complaint on August 16, 2017, Doc. No. 1 at 5, and this is the earliest date he could have placed the complaint in the jail's mail system.  Thus, the court considers August 16, 2017 as the date of filing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988) (pro se inmate's complaint deemed filed on date it is delivered to prison officials for mailing).

## II.  DISCUSSION

Upon initiation of this case, Avery filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Doc. No. 2*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court establish that Avery, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim or for asserting claims against defendants immune from suit.[3]  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff include:  (1) *Avery v. Camp*, Civil Action No. 3:02-CV-81-WHA (M.D. Ala. 2002); (2) *Avery v. Brown*, Civil Action No. 3:02-CV-82-MHT (M.D. Ala. 2002); and (3) *Avery v. Kirby, et al.*, Civil Action No. 3:06-CV-960-WKW (M.D. Ala. 2006).

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated Rivera but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

[3]In determining whether Avery has three strikes, this court may take judicial notice of its own records.  *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

As Avery has three strikes, he may not proceed *in forma pauperis* in this case unless he demonstrates that he was "under imminent danger of serious physical injury" at the time of filing this cause of action. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "General allegations . . . not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (holding that vague allegation challenging adequacy of medical treatment for heart condition did "not satisfy the [imminent danger exception] of § 1915(g)."); *Margiotti v. Nichols,* 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (finding that allegations regarding treatment provided for "an ongoing medical condition that [Plaintiff] concedes is already a permanent [condition] . . . is not the type of serious injury" which entitles Plaintiff "to avoid the bar of § 1915(g), as they do not establish that he is under ***imminent*** danger of ***serious*** injury.") (internal citation omitted) (emphasis in original); *Ball v. Allen*, 2007 WL 484547, at *2-3 (S.D. Ala. Feb. 8, 2007) (finding general allegations regarding a myriad of conditions, including claims of deliberate indifference, insufficient to satisfy the imminent danger exception and noting that "[p]laintiff's allegation that there is 'imminent danger to [his] health and well being,' is a conclusory allegation that merely demonstrates 'that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.'").

3

"The plaintiff must allege and provide specific fact allegations . . . evidencing the likelihood imminent serious physical injury [at the time of filing], and vague allegations of harm and unspecific references to injury are insufficient." *Niebla*, *supra*. (internal quotations omitted) (citing *Martin*, 319 F.3d at 1950 and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)); *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013) (finding that "[a] plaintiff must provide the court with specific allegations" demonstrating that he was under "imminent danger [of] serious physical injury" at the time of filing his complaint.). General allegations that the defendants acted with deliberate indifference to his health or safety are insufficient to establish that Plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action." *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014); *Jemison v. White*, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012) (conclusory allegations regarding conditions of confinement, i.e., lack of adequate exercise, unsanitary cells and eating area, insufficient living space, inadequate cooling and ventilation, and lack of reasonable measures to ensure inmate's health and safety, do not demonstrate "that plaintiff was 'under imminent danger of serious physical injury' at the time he filed the complaint.").

In the instant complaint, Avery presents claims attacking the constitutionality of actions which occurred during efforts to place him in a general population cell on June 2, 2017, and actions of medical personnel undertaken regarding adjustment of his blood pressure medication through mid-July of 2017. The court has carefully reviewed Avery's claims for relief. Based on this review, the court finds that the allegations made by Avery fail to demonstrate he was "under imminent danger of serious physical injury" at the time

of filing this cause of action, i.e., August 16, 2017, as is required to meet the exception to application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat [of a serious physical injury] is real and proximate.").  Consequently, under the circumstances of this case, Avery cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Avery's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice as Avery failed to pay the requisite filing and administrative fees upon initiation of this case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Walter Jamar Avery (Doc. No. 2) be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

On or before **October 31, 2017**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of October, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE